UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL SPIZIZEN, Individually,
NEIL SPIZIZEN REVOCABLE LIVING
TRUST, U/A/D 7/3/86, and
CRESCENDO HOMES, INC.,

       Plaintiffs,

v.

                                        Case No. 09-11713
                                        Hon. Gerald E. Rosen

NATIONAL CITY CORPORATION, *et al.,*

       Defendants.
_____/

**OPINION AND ORDER REGARDING DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

                  At a session of said Court, held in
                  the U.S. Courthouse, Detroit, Michigan
                  on      February 1, 2010

                  PRESENT:   Honorable Gerald E. Rosen
                                   Chief Judge, United States District Court

## I. INTRODUCTION

     This matter is presently before the Court on Defendants PNC Financial Services Group, Inc., National City Corporation and National City Bank's Motion to Strike Plaintiffs' First Amended Complaint. Plaintiffs have responded to the motion. Having reviewed and considered the parties' briefs and supporting evidence, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of

Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II.  PROCEDURAL BACKGROUND

Plaintiffs Neil Spizizen, Neil Spizizen Revocable Living Trust, uad 7/3/86, and Crescendo Homes, Incorporated, first initiated this action in Oakland County Circuit Court on April 3, 2009.  Defendants removed the case to this Court citing diversity of citizenship.  They subsequently filed a Motion to Dismiss Count I (conversion) and Count III (breach of the implied covenant of good faith and fair dealing under common law and under Mich. Comp. Laws § 440.1203) from the Complaint.  On November 10, 2009, this Court issued an Opinion and Order granting Defendants' motion, dismissing Counts I and III, and dismissing the Individual Defendants, Stanley P. Szasna, Hope Landgraff, Richard Landgraff and Norman Lining, from the case.  In that Order, the Court suggested that "Plaintiffs may seek leave to amend their existing breach of contract claim in Count II (breach of contract against National City) to 'incorporate allegations of [National City's] lack of good faith performance of its contractual obligations."  Dkt. #11, at p. 12-13.

On December 30, 2009, Plaintiffs filed a First Amended Complaint without seeking leave of the Court.  In accordance with the Court's suggestion, Plaintiffs' added allegations to Count II, incorporating lack of good faith performance in the breach of contract claims.  However, in all other respects, the Amended Complaint essentially repleads the claims set out in the original complaint.  Plaintiffs leave Counts I and III

wholly unamended, but insert a "legend" to "make[] clear that Defendants need not answer such counts inasmuch as they were dismissed pursuant to this Court's Opinion and Order, just as would have been the case had Plaintiffs not elected to file the First Amended Complaint."  (Pls. Resp. 2); see also (Am. Compl. ¶¶ 44-55, 72-81). The Amended Complaint also leaves references in the general allegations to the Individual Defendants.  (Am. Compl. ¶¶ 5-8, 36.)

By motion filed on January 13, 2010, Defendants request that Plaintiffs' First Amended Complaint be stricken in its entirety because it contains immaterial information and allegations: specifically, all references to dismissed Counts I and III, and any mention of the Individual Defendants.  In their response, Plaintiffs argue that the Amended Complaint was filed to conform to the recommendations of this Court with respect to the remaining breach of contract claims (Count II).  In addition, Plaintiffs argue that they have left other portions of the complaint unamended so as to preserve their appellate rights with respect to dismissed Counts I and III.

### III.  ANALYSIS

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Although the action of striking a pleading should be used sparingly by the courts, motions to strike are generally granted where the allegations are clearly immaterial to the controversy or would prejudice the movant. Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953).

Ultimately, the decision to strike a pleading is firmly within the discretion of the court. Ameriwood Industries Intern. Corp. v. Arthur Andersen & Co., 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (citing cases).

As a general rule, an amended pleading supersedes the original, rendering the latter a legal nullity. Drake v. City of Detroit, 266 Fed. Appx. 444, 448 (6th Cir. 2008); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2nd ed.) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."). However, "[m]ost circuits refuse to require a plaintiff to replead dismissed claims in order to preserve the right to appeal the dismissal." Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (citing Davis v. TXO Prod. Corp., 929 F.2d 1515, 1518 (10th Cir.1991) ("We believe that a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party. . . . The district court's dismissal of the claim made clear that any attempt by appellant to re-allege that claim would be futile." (footnotes and internal citations omitted)); see also Wright & Miller, § 1476 ("A rule that a party waives all objections to the court's dismissal if he elects to amend is too mechanical. . . . Without more, the action of the amending party should not result in completely denying the right to appeal the court's ruling.").

While it appears that the Sixth Circuit has not yet expressly ruled on this issue, the Court finds that in this case it is unnecessarily redundant for Plaintiffs to replead claims already dismissed by the Court. Logically, claims are only waived when they are dropped by the plaintiff in an amended complaint. The waiver rule is inapplicable where the claims were dismissed by the court. Accordingly, here, Plaintiffs' dismissed claims—Counts I and III, and allegations related to the Individual Defendants—shall be stricken, without prejudice to Plaintiffs appellate rights.

The parties further dispute the significance of Plaintiffs' failure to seek leave from the Court to file an amended complaint. Under Fed. R. Civ. P. 15(a)(1), a plaintiff is entitled to amend his complaint before being served with a responsive pleading. In all other cases, he may only amend his pleading with the written consent of the defendant or the court's leave. Fed. R. Civ. P. 15(a)(2). In this case, Defendants did not serve Plaintiffs with an answer on the remaining portions of the original complaint after this Court's November 10, 2009 ruling on the Motion to Dismiss. Thus, Plaintiffs arguably were entitled to amend their complaint once as a matter of course. However, this Court indicated in its November 10, 2009 order that Plaintiffs should seek leave of the Court to amend Count II. Ultimately, the Court need not resolve this issue. With or without leave to amend, the Court finds Defendants have not shown that the amendment to Count II was brought in bad faith or for dilatory purposes, that it would result in undue delay or prejudice to Defendants, or that it would be futile. In the interest of judicial efficiency, the remaining portions of the First Amended Complaint shall not be stricken.

## IV. CONCLUSION

Having reviewed and considered Defendants' Motion to Strike the First Amended Complaint and the Court's entire record of this matter, the Court will grant the requested relief, but only with respect to the paragraphs that make specific reference to either dismissed claims or the Individual Defendants, who are no longer parties to this action.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' January 13, 2010 Motion to Strike Plaintiffs' First Amended Complaint (Dkt. #15) is GRANTED IN PART.

IT IS FURTHER ORDERED that all references to the dismissed counts and to the Individual Defendants—specifically, Paragraphs 5 through 8, 36, 44 through 55, and 72 through 81 in the December 30, 2009 First Amended Complaint filed by Plaintiffs Neil Spizizen, Neil Spizizen Revocable Living Trust, uad 7/3/86, and Crescendo Homes, Incorporated—are STRICKEN.

IT IS SO ORDERED.

                                              s/ Gerald E. Rosen
                                              Chief Judge, United States District Court

Dated: February 1, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2010, by electronic and/or ordinary mail.

                                              s/Ruth A. Brissaud
                                              Case Manager
                                              (313) 234-5137